STATE OF IOWA, Appellee, v. ED CAMPBELL, Appellant.

No. 39928.

DECEMBER 13, 1929.

*James E. O'Brien,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

FAVILLE, J.—The appellant drove a Nash roadster automobile, bearing the license number 80-3900. The so-called Jefferson Highway runs north and south from the city of Indianola. About three miles south of the city limits of Indianola, a side road from the west joins said highway. One Kenneth Dyer lives on said road, a mile west of the Jefferson Highway. On the morning of February 20, 1929, another party, by the name of Leslie Dyer, and his wife, saw an automobile which they identified as that of the appellant, on the road leading toward the Kenneth Dyer place. Said car was stopped, and they observed a man get out of the car and stand by it a little while, and walk

around the car and appear to be working at something on the inside of the car. The appellant's car was then driven to the west, and Leslie Dyer went to the place where it had been standing, and found footprints leading to a pile of bottles near the side of the road. Leslie Dyer and his wife then drove westward toward the Kenneth Dyer place. In so doing, they met the appellant's car, bearing said license number, and observed that there was one man inside it. The witness Kenneth Dyer testified that he saw and recognized the appellant's car near his place at about said time. He telephoned to the sheriff, and then returned with Leslie Dyer and the latter's wife to the place where the foot tracks were, on the side of the road. This witness then waited until the arrival of the sheriff that afternoon, and went with the sheriff and his deputy to where the tracks had been made in the snow. In the meantime, the sheriff, upon receiving the telephone message, started south on said Jefferson Highway, and was met by the appellant in said automobile, near the south edge of the city of Indianola. The sheriff turned around and pursued said car through the town to the north part of the city. After some difficulty, he succeeded in stopping the appellant's car, and got out of his own car and walked back to where the appellant's car was standing. He arrived there in time to see the appellant break a bottle which contained a clear liquid, over the gear-shifting lever of the car. He testified that he then observed the pieces of a number of broken bottles on the floor of the appellant's car, that the floor was wet, and that it smelled like alcohol. He found one bottle in the car which had not been broken, with the cap off, and which contained about a spoonful of liquid. He preserved the contents of this bottle, which were subsequently analyzed, and found to contain about 94 per cent of alcohol by volume. The sheriff arrested the appellant, and shortly afterward went to the place on the west road referred to, where Leslie Dyer had seen the appellant's car stop. The witness Kenneth Dyer had remained near said place during all of the intervening time, and testified that no other car or person passed until the sheriff and his deputy arrived. The sheriff then found footprints in the snow, leading from the traveled portion along the side of the road to a culvert, where there were discovered some bottles and two-gallon cans, one containing a liquid which was subsequently analyzed and found to be grain alcohol of practically the

same weight as the alcohol found in appellant's car. 'Upon the trial of the case, the empty bottles taken by the sheriff from the roadway and the gallon cans were offered in evidence.

The foregoing is an abbreviated statement of the evidence, but is a sufficient outline for the purposes of the matters presented on appeal.

I. Error is predicated upon the admission in evidence of the bottles and cans that were found by the sheriff in the culvert in the road under the circumstances referred to. The argument  is made that this evidence tended to show the commission of another crime,— to wit, that of maintaining a nuisance by maintaining a place where intoxicating liquor was kept,—and that, therefore, the evidence was inadmissible, because it tended to show the appellant's guilt of a separate and distinct crime. It is the general and well established rule that guilt of a crime charged may not be proven by establishing a defendant's guilt of some other and distinct crime; but such rule in no way prevents the proof of proper facts and circumstances to connect a defendant with the crime charged, even though it may be true that the same evidence tends to show such defendant to be guilty of another crime. If a burglar were apprehended in the act of breaking and entering, and burglar tools were found in his possession, it could scarcely be said that the evidence of such possession of the burglar tools and their admission in evidence under such circumstances would not be proper upon the trial of the charge of burglary because, under our statute, they would have a tendency to show a distinct and separate crime, to wit, possession of burglar tools. In the case of *State v. Burgette*, 208 Iowa 818, the defendant was charged with the crime of murder. The State introduced evidence of a search of the shack occupied by the defendant, and the finding therein of window curtains and fixtures which had previously been stolen from the schoolhouse where the murder was committed. It was contended that this evidence permitted the State to prove the commission of another crime. We said:

"The evidence was not offered for the purpose of proving another crime. If the facts proved had a material bearing upon the issues in the case, they were admissible in evidence; and this

would be true regardless of whether they constituted a crime or not.''

So in the case at bar, the fact that empty bottles and a can containing alcohol were found at the place where the State contends the appellant was with his automobile, from which place it is contended the appellant went directly to the point where the sheriff arrested him, had a material bearing on the question as to whether or not, at the time of his arrest, the appellant was transporting intoxicating liquor. The fact, if it be a fact, that the appellant was also guilty of maintaining a nuisance by keeping the liquor at the place where it was hidden, did not prevent its admissibility in evidence upon the trial of the offense charged, under the circumstances as established by the testimony. The court did not err in overruling the appellant's objections to the testimony regarding said exhibits, or to their introduction in evidence. The court carefully instructed the jury with regard to the proper consideration of said testimony.

II. Complaint is also made of the admissibility in evidence of the empty bottles, cartons, corks, and broken bottles which  were taken from the appellant's automobile at the time of his arrest. These exhibits were proper for the consideration of the jury in connection with the offense with which the appellant was charged, to wit, the transportation of intoxicating liquor.

III. Complaint is made of the instruction given by the court with regard to the automobile seen on the said west road before the appellant's arrest. Appellant contends that it was not material to the crime charged whether or not he was on the road at said place under the circumstances disclosed by the record. The evidence was admissible as tending to show the conduct of the appellant at said time, and had a material bearing on the question as to whether or not the appellant went immediately from said place to the point where he was arrested, and had possession of intoxicating liquors at the time of his arrest. The instruction complained of was carefully drawn, and was not erroneous in statement.

IV. Instructions of the court with reference to the exhibits

that were taken from the appellant's car at the time of his arrest are challenged. There is no merit in this contention. The exhibits were properly in evidence, and the instruction was not erroneous.

V. The appellant also challenges the instruction with regard to the exhibits that were found by the sheriff at and near the culvert on the road referred to. As we have seen, the exhibits were properly receivable in evidence, and the court in its instructions expressly limited the application that the jury could make of these exhibits. The instructions fully, fairly, and carefully submitted the case to the jury, and we find no error therein requiring reversal on our part. The judgment of the district court is—*Affirmed*.

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.