(No. 27290.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NORBERT HURRY, Plaintiff in Error.

*Opinion filed November 16, 1943—Rehearing denied Jan. 13, 1944.*

ARTHUR G. HARRIS, of Dixon, (OTTO W. BERG, of Chicago, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and MAX A. WESTON, State's Attorney, of Rockford, (WILLIAM H. GATES, of Rockford, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Norbert Hurry, was indicted in the circuit court of Winnebago county for the crime of burglary and larceny. He was tried before a jury and con-

victed of the crime of burglary and sentenced to confinement in the penitentiary. He seeks a reversal of that conviction, and, while many errors are assigned, relies upon the following: (1) the evidence was insufficient to justify a conviction because it was based upon confessions improperly obtained; (2) the court improperly admitted proof of the commission of other crimes by defendant; and (3) the court gave erroneous instructions on the law.

To properly pass upon contentions of plaintiff in error a statement of the facts becomes necessary. September 9, 1938, the store of Ekeberg Dry Goods Company, Inc., on Seventh street in the city of Rockford, was broken into in the night time and a large number of ladies' hose stolen. Entrance to the building was gained through an outside cellar door and thence into the building. This was discovered about midnight by a night watchman and immediately communicated to the manager of the store. The defendant and his wife were arrested in Chicago, September 22, 1938, and examined by some police officers, apparently at first with reference to a burglary committed elsewhere, but later about the burglary committed in Rockford. In this conversation, the police officers testified, Hurry stated he had burglarized a store on Seventh street in Rockford, Illinois, and had stolen therefrom a number of stockings that were at the house of Harry Czaza in Oak Park, Illinois, and also told one of the officers a part of the stockings were at his own home, and that his wife was wearing one pair. At the Czaza house ninety-six pairs of stockings were found of the brand sold in Ekeberg's store, with price tags still upon them in the handwriting of one of the women clerks. Five pairs of like stockings were found in the residence of defendant. During his conversation with the police he also stated he had burglarized other stores from which he had taken some fur coats and jackets.

The testimony of the police officers was received without objection to its competency, but defendant sought to show on cross-examination the confessions had been received by intimidation and brutal treatment, which was denied by the officers. Defendant went upon the witness stand and denied ever having made any confession, and also described in great detail the brutal treatment he had received. His mother testified she observed bruises upon him the next day after the alleged confessions were made, but on rebuttal the officers who had testified, as well as three other persons, testified no bruises were apparent upon the person of the plaintiff in error.

During the course of the trial no motion was made by plaintiff in error that the police officers be examined preliminary to giving the conversations of defendant, to determine whether the confessions were voluntary or involuntary, but a motion was made at the conclusion of the People's evidence, and of all of the evidence, that such testimony be excluded, which motion was denied by the court. The law is well settled that a confession or admission by a defendant in a criminal case is admissible without preliminary proof, where no objection is made that it is involuntary. If objection is made the question of whether the confession is voluntary or involuntary must be decided by the court upon a preliminary hearing to determine its admissibility. *People* v. *Leving,* 371 Ill. 448; *People* v. *Brown,* 368 Ill. 177; *People* v. *Costello,* 320 Ill. 79.

When confessions have been received in evidence it has been held the court can properly refuse to give instructions to the jury that the confessions should not be considered, as the question of their admissibility is one for the court. The weight, however, to be given such confessions is entirely for the jury. (*People* v. *Guido,* 321 Ill. 397.) In that case we said: "The statement that

it is the duty of the jury to disregard confessions unless they are satisfied beyond a reasonable doubt that they were made freely and voluntarily is contrary to the law as heretofore stated in this opinion." It is to be observed, however, the defendant here denied absolutely making any confession whatsoever.

A similar question arose in *People* v. *Hegovic,* 348 Ill. 58. In that case the defendant not only claimed he was beaten and forced to make an involuntary confession, but also that he had made no confession, and in passing upon the effect of the alleged brutal treatment we said: "On the question whether or not the defendant made any confession, the fact that he was beaten has no direct bearing and evidence of such fact is not admissible on that question, but whether or not a confession was extorted from him by promises or threats, through hope or fear or by violence, is a question which does have a direct bearing on the question of the competency of the evidence. * * * If an objection is made that the alleged confession was not made, proof must be made by the prosecution that the confession was in fact made by the defendant and no preliminary evidence is required of its competency." In the case before us no request was made for a preliminary hearing to ascertain the voluntary character of the confession, so the testimony of the officers was properly admitted and submitted to the jury. It is true that when he went upon the stand the defendant claimed he was ill-treated, but he also claimed he made no confession. Under the authorities cited it is clear the evidence of the officers was competent, and its weight became a question for the jury. There was no error upon the part of the trial court in receiving this testimony or in refusing to exclude it.

It is next contended the evidence is insufficient to prove the defendant guilty of the crime charged. In his statement to the police he said he and one Stillwagon had entered a store on Seventh street in Rockford, through the

cellarway, and stolen certain women's hose. Ekeberg's store was located on Seventh street in Rockford. His confessions or admissions to the police disclosed where a considerable portion of the stolen hose was to be found. A search of such place resulted in the finding of ninety-six pairs of stockings having thereon Ekeberg's tag as well as the price mark on each pair, in the handwriting of one of the clerks. It also resulted in the finding of part of the hose at the residence of the defendant.

These facts do not disclose a case where the conviction is based upon confession alone. The *corpus delicti* is established by the confession and other facts. His admission of burglarizing a store on Seventh street in Rockford is corroborated by the fact that Ekeberg's store was located on Seventh street in the city of Rockford; and the fact that the Ekeberg store was burglarized by defendant is corroborated by the fact that the defendant disclosed the location of goods recently taken from that store. It cannot be said, upon the testimony as related by the officers, with the additional facts proved, that there was no proof, other than the confession, the defendant had obtained the stolen hosiery through a burglary of the Ekeberg store. But it was a question for the jury to determine whether such proof showed the defendant guilty beyond a reasonable doubt. There was no error of the court in refusing to instruct the jury to find the defendant not guilty because the proof was insufficient to support a conviction.

It is also contended by plaintiff in error that proof was allowed showing the commission of other crimes by the defendant. This proof consisted of admissions and statements made to the police officers as a part of one conversation or transaction. In this conversation he related the facts about the Ekeberg burglary and also the facts with respect to another burglary occurring at another time and place. The officers testifying to this conversation were

interrogated upon this statement by defendant's counsel. The rule seems to be well settled that where a conversation or confession is made by a defendant in a criminal case the entire conversation is admissible, and if therein it appears from his own statement that he had committed other crimes, it does not amount to proof that another crime had been committed as a substantive fact, but is merely proof of the defendant's entire conversation. (*People* v. *Ladas,* 374 Ill. 419; *Gore* v. *People,* 162 Ill. 259.) In the first case cited it is distinctly held the proof of the defendant's conversation or admission was not proof of the commission of a separate substantive crime than that charged in the indictment.

It is quite obvious that a witness in relating a conversation with a person accused of crime, where it contains statements relative to the one under investigation as well as other matters, cannot well repeat only a part of the conversation without making such witness the judge of what pertains to the crime under investigation. In order to portray a true and accurate picture of what took place the conversation should be related in full, and if there be any matters not bearing directly upon the offense under consideration they may be eliminated from the consideration of the jury by proper instruction of the court. Of course, if there is a separate conversation in which a different crime is admitted it should not be received, but the question of separating parts of one conversation is fraught with danger to the defendant, as it leaves the way open for the witness to omit matters which might properly explain other damaging statements by the witness. The question of whether it is possible to separate statements made by defendant is one properly coming within the discretion of the trial judge. We do not believe the defendant was injured by the proof of his entire conversation, which incidentally referred to other offenses which he had admitted committing.

An instruction was given by the People to the effect that possession of recently stolen property soon after the commission of a larceny is evidence of its commission in the absence of any explanation of such possession. No objection is made to the form of this instruction, but the contention is made that the property was not in the possession of the defendant, and that even if it be conceded the property was found at the home of Czaza, it was not recent because it occurred some two weeks after the commission of the burglary. The question of whether or not the defendant is in possession of stolen property is often a question of fact, and if the proof tends to establish such possession then such instruction may be given regardless of whether possession is denied or not. (*People* v. *Stone,* 349 Ill. 52.) Whether the possession is recent or not is ordinarily a question for the jury, and no definite time can be fixed when, as a matter of law, possession is not recent. *People* v. *Malin,* 372 Ill. 422; *People* v. *Kubulis,* 298 Ill. 523.

In the first of the last two cases cited proof of possession six weeks after the commission of the crime was held competent. The evidence in this case shows the defendant stated the stolen hosiery would be found at the house of Czaza. He does not state whether it was sold to Czaza or whether he was custodian, but only that the goods would be found at such place. According to one other witness defendant stated part of the stolen property was at his own home and part at the home of Czaza. Circumstances appear in evidence which indicate the defendant was closely connected with the possession of the stolen property at Czaza's home. He certainly had possession of the property immediately before he delivered it to Czaza, and five or six pairs of a similar kind, although not bearing the mark of the Ekeberg store, were found in his house. It would be an extremely unusual thing for a man to be in possession of one hundred pairs of women's

hose unless he is in the business of selling or purchasing such type of property, which does not appear in evidence. We think the facts that he had actual possession of hosiery of the same type as that marked with the name of Ekeberg's store, and that the hosiery was found at the place defendant designated, indicate that sometime within the two weeks previous he had been in the actual possession of all of the hose if not in possession through a custodian at the time of the discovery thereof. Under these circumstances the giving of such instruction is not error. *People v. Malin,* 372 Ill. 422; *People v. Strutynski,* 367 Ill. 551; *People v. Mizzano,* 360 Ill. 446.

The principal defense raised on the trial is based upon the denial of the commission of the crime by the defendant, and the alleged fact that the statements of the police officers were extorted from him by violence, and that such statements were false because he denied *in toto* making any such statements. The question therefore becomes one of credibility. In rebuttal, the record of prior convictions of defendant of the commission of two felonies was introduced in evidence for the sole purpose of affecting his credibility as a witness. Under the statute such evidence is admissible.

We have examined the record in this case with care, together with the points made by counsel for defendant, and we find no substantial error was committed by the trial court. The defendant has had a fair trial, and in our opinion has been proved guilty beyond a reasonable doubt.

The judgment of the circuit court of Winnebago county is affirmed.                                    *Judgment affirmed.*