Matthias, J.
 

 Although the original application for a separate trial was based upon “conversations” said to have occurred between codefendants of Rosen and police officers, the renewal of the application was based upon the announcement of the prosecuting attorney that he expected to offer in evidence the confession of a codefendant.
 

 It does not appear that the trial court examined the confession before ruling on the application.
 

 In overruling the application it was stated by the court:
 

 “I don’t consider it to be the law of this state, that where there is a joint indictment, which is a policy of the state expressed by the Legislature, that the effect of a statement or admission by one of the defendants is to necessitate a separate trial for each of the defendants.”
 

 
 *341
 
 Section 13442-11, General Code, is as follows:
 

 “When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, order that one or more-of said defendants be tried separately.”
 

 The question presented has not heretofore been before this court in any preceding case. The case of
 
 State
 
 v. Fox, 133 Ohio St., 154, 12 N. E. (2d), 413, involved the trial of three codefendants charged with, the crime of burglary and larceny, all three defendants being represented by the same counsel.
 

 The question presented and decided in that case as-stated in the opinion was whether, where a confession, of the crime charged is made “by one of the defendants implicating one or more of his codefendants as a part thereof, should such confession be excluded, or should it be admitted under instructions to the jury limiting its application and effect solely to the maker?”
 

 The question we have -in the instant case was not decided but evidently anticipated by the writer of the opinion in the
 
 Fox case,
 
 as disclosed by the following statement:
 

 “Under Section 13444-1, General Code, the rules of evidence in civil cases, in so far as applicable, shall govern all criminal causes. Counsel for the defendants in the instant case could have inspected the written confession of their client Barker in the hands of the prosecuting attorney before trial by invoking the provisions of Section 11551
 
 et seq.,
 
 General Code, if necessary, and could have predicated an application for a separate trial of their client Fox on the basis of the contents of such confession. This was not done, so -we have no issue relating to an abuse of discretion
 
 *342
 
 ■on the part of the trial court in refusing to order separate trials.”
 

 We now have that'question.
 

 In the instant case the application for a separate trial was based upon the specific ground of the proposed introduction of a codefendant’s confession containing statements claimed to be prejudicial to Rosen. It was the clear duty of the trial court, when his attention was challenged to the claimed prejudicial character of the confession, to hear and determine that question.
 

 True, when such challenge is not made prior to the trial and a confession is admitted, it is generally held •that the prejudicial effect of such confession against a codefendant may be obviated or modified by appropriate instructions to the jury. See 70 A. L. R., 1186, 104 A. L. R., 1523, and 131 A. L. R., 924, and cases cited. The fact must be recognized, however, that in many cases the admission of such ex parte statements creates impressions so adverse that they may not be eradicated from the minds of the members of the jury. The prejudicial matter should be stricken out or deleted before the confession is admitted in evidence. The statement in the alleged confession indicated Rosen had planned, or at least participated in planning, the crime and received a portion of the pro-needs thereof.
 

 The record in the instant case discloses that the trial court, before passing upon the defendant’s application, did not perform a very essential duty which ■was to examine the confession and then determine whether the statements contained therein were or were not such as warranted the allowance of the application for a separate trial or, at least in the alternative, direct a deletion of the prejudicial matter.
 

 The defendants were represented by different coun
 
 *343
 
 sel and their defenses were antagonistic. There was thrust upon the defendant Rosen the burden of refuting the ex parte statement against him by a codefendant.
 

 The prejudice to the case of the defendant Rosen was somewhat accentuated by the refusal of the court to permit cross-examination on rebuttal, by counsel for Rosen, of the police officers relative to the procurement of the confession and particularly with reference to its voluntary or involuntary character.
 

 In our opinion the action of the trial court constituted an abuse of discretion resulting prejudicially to the defendant Rosen.
 

 The judgment of the Court of Appeals is, accordingly, reversed and the cause is remanded to the Court, of Common Pleas for a new trig!
 

 Judgment reversed.
 

 Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.