STATE OF IOWA, appellee, v. J. DURWARD CRISMAN, appellant.

No. 48144.

(Reported in 57 N.W.2d 207)

March 10, 1953.

Charles W. Bowers, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Clyde E. Herring, County Attorney, for appellee.

OLIVER, J.—The errors assigned on this appeal involve the admission of a confession, Exhibit A, the reception of certain testimony and the refusal to give a requested instruction.

I. Was the confession admissible? The test is whether it was made freely and voluntarily and without compulsion or inducement of any kind. It is the province of the trial court to determine, as a preliminary question, whether a confession has been made with that degree of freedom to justify its admission in evidence, or in case of doubt and of a conflict in the evidence, to submit the question to the jury, under proper instructions. State v. Johnson, 210 Iowa 167, 170, 171, 230 N.W. 513; State v. Storms, 113 Iowa 385, 85 N.W. 610, 86 Am. St. Rep. 380. If it clearly appears the statement was induced by force, threats or promises, the question is one of law for the court and the statement should be rejected. State v. Johnson, supra, 210 Iowa 167, 171, 230 N.W. 513.

In the case at bar the court submitted to the jury the question whether the confession, Exhibit A, was freely and voluntarily given. Defendant assigns error, asserting it was made under the influence or inducement of a statement by an arresting officer that it would be "better" or "better or wiser" for him to tell the truth, and this inducement destroyed the voluntary character of the statement and rendered it inadmissible. Hence, defendant contends the court, instead of submitting the question to the jury, should have held the confession involuntary and excluded it from the consideration of the jury.

Defendant was forty-eight years old. He was a high school teacher, with a college education. The confession was made while he was in custody. It is not contended threats or violence were used in obtaining it. Defendant testified the officers told him,

"it would be much easier for me, that I would avoid publicity, that the school would be spared publicity, that my family would not be drawn through a long court proceedings, that I would not have to go into an identification line, if I would make a statement acknowledging that these things were true." He testified he believed these promises, and that the parts of Exhibit A which referred to acts of sodomy were false. The officers testified they may have told defendant, "it would be better or wiser for him to tell the truth." They denied having made the other alleged statements.

Exhibit A recites it is a voluntary statement, taken in the presence of the officers, without any threats or promises being made. A written confession, which on its face purports to have been freely and voluntarily given, is prima facie voluntary and the burden rests upon defendant to show it was involuntarily given. State v. Plude, 230 Iowa 1, 296 N.W. 732; State v. Hofer, 238 Iowa 820, 827, 28 N.W.2d 475.

Defendant cites State v. Jay, 116 Iowa 264, 89 N.W. 1070, contending the testimony of the State's own witnesses shows the statement was not voluntary. In the cited case the defendant was assured it would go easier with him if he would tell. There was no such testimony in the case at bar, even from defendant himself. Giving defendant's testimony the construction most favorable to him, there was, at most, merely a conflict in the evidence, and the question whether the confession was free and voluntary was for the jury. State v. Bennett, 143 Iowa 214, 219, 220, 121 N.W. 1021; State v. Harding, 204 Iowa 1135, 1144, 1145, 216 N.W. 642; State v. Storms, supra, 113 Iowa 385, 85 N.W. 610, 86 Am. St. Rep. 380.

The trial court did not err in refusing to exclude the confession.

II. The confession consisted of fourteen typewritten pages of questions by the officers and answers by defendant. The State offered it in evidence, excepting three pages and parts of ten other pages. Defendant objected that it contained references to transactions other than that charged in the indictment, and if it was the intention to block out the parts referred to, this would permit the jury to speculate· as to the matters blocked out and

the statement would be highly prejudicial to defendant. The prosecutor stated that "any of the omitted parts which the defense counsel wishes to have left in the statement and is willing to waive any objections to, of course, will be left in by the State." He stated also the omitted parts would be covered with heavy paper fastened with scotch tape, so the jury would not be able to read such parts, and the court would be requested to instruct the jury to draw no inferences from the omissions. As thus deleted Exhibit A was read to and submitted to the jury, which was instructed to consider its visible parts only, and neither to draw inferences for or against either party, nor to engage in speculation, because portions of it were blocked out.

Error is predicated upon this procedure. Defendant does not contend the deleted parts of the confession were favorable to him or were relevant. One objection to the proffered confession was "that it contains references to transactions other than the one alleged in the indictment in this case." The prosecution states the deleted parts of the confession related to offenses by defendant with others than the person named in the indictment and were omitted to avoid possible error.

The majority rule appears to be that when parts of a statement which refer to other offenses cannot be separated from the relevant parts the whole statement may be received in evidence with an instruction to the jury to disregard such irrelevant matters, but "when the relevant parts can be separated from the irrelevant this must be done and that part, only, of the confession admitted which is material to the issues on trial." People v. Spencer, 264 Ill. 124, 139, 106 N.E. 219, 225. See also 20 Am. Jur., Evidence, section 489, page 426; 22 C. J. S., Criminal Law, section 820, page 1441; annotation in 2 A. L. R. 1017, 1030; Stagemeyer v. State, 133 Neb. 9, 273 N.W. 824, 832, 833; People v. Coughlin, 67 Mich. 466, 35 N.W. 72, 75, 76; People v. Hepner, 285 Mich. 631, 281 N.W. 384, 387; Mack v. State, 203 Ind. 355, 180 N.E. 279, 285, 83 A. L. R. 1349; Hansbrough v. State, 228 Ind. 688, 94 N.E.2d 534, 536, 537; State v. Rosen, 151 Ohio St. 339, 86 N.E.2d 24; People v. Hurry, 385 Ill. 486, 52 N.E.2d 173, 176; Ingram v. State, 120 Tex. Cr. 8, 47 S.W.2d 285.

In Martinez v. State, 138 Tex. Cr. 51, 53, 134 S.W.2d 276, 277, over defendant's objection, the entire confession, parts of which referred to extraneous crimes, was read to the jury and taken into the jury room. The court held this was erroneous and observed: "In the instant case, the State might easily have pasted a strip of paper over the objectional portion of the confession and thereby excluded it from the jury."

State v. Cooley, Mo., 221 S.W.2d 480, holds the admission of a confession from which certain parts were deleted on objections by defendants, by pasting tape over deleted parts, was not error on the ground that the confession placed in the minds of the jurors facts not in evidence, in absence of any showing that deleted parts were readable through the tape.

In State v. Hofer, 238 Iowa 820, 830, 831, 28 N.W.2d 475, supra, the parts of the statement referring to extraneous offenses were ordered stricken and withdrawn and the jury was admonished not to consider them. Apparently through oversight, the entire exhibit was taken to the jury room. We held it would not be assumed the jury disregarded the admonition not to consider the parts stricken.

█ Defendant cites Evans v. Holsinger, 242 Iowa 990, 995, 996, 48 N.W.2d 250. That case involved the removal of part of a public record placed in evidence. There was no explanation or instruction to guide the jury. In the case at bar the jury was instructed it should not speculate or draw inferences from the blocking out of parts of the statement. The prosecution offered to leave in evidence any parts of the statement desired by defendant, and defendant had the right, under section 622.19, Code of Iowa 1950, to place in evidence the deleted parts of the statement. Moreover, it is the general rule, under decisions or statutes, that where the State introduces a confession defendant has the right to require that the whole of the statement or conversation shall go to the jury. The reason appears to be that defendant should not be deprived of the advantage of any explanatory or favorable statements contained in it. In this case defendant did not exercise such right, apparently because the deleted parts were unfavorable to him.

We are satisfied there was no reversible error in placing Exhibit A in evidence and in the hands of the jury, in its deleted

form. The prosecution could have made a better record by securing from the court, in the absence of the jury, rulings and orders to be shown in the record, deleting the questionable portions of the statement.

The foregoing discussion assumes, without so deciding, that the deleted portions of the statement were irrelevant.

■ III. Another assignment of error is based upon the admission of certain testimony of the witness Ronnie Jones, the person with whom the alleged act of sodomy was committed. This testimony is to the effect that at about the time in question, the witness met defendant, by appointment, at a certain store; the witness there met a girl for the first time; the witness, defendant and the girl went out in defendant's car; they were together again later that evening and defendant gave the witness money to take the girl to a hotel room for the night; the witness contracted a venereal disease from her and defendant furnished him money to pay for treatments.

It is claimed this testimony tended to show defendant was guilty of another crime, to wit, contributing to the delinquency of a minor (Jones was a minor), and was therefore incompetent. Assuming it has such a tendency, we think it was, nevertheless, proper. There was a sharp dispute as to how close was the association between defendant and the witness Jones. It has probative value upon this question and also upon the question of their relationship. We think it was admissible under our decisions. In State v. Campbell, 209 Iowa 519, 522, 523, 228 N.W. 22, 23, we said, relative to such testimony:

" 'The evidence was not offered for the purpose of proving another crime. If the facts proved had a material bearing upon the issues in the case, they were admissible in evidence; and this would be true regardless of whether they constituted a crime or not.' "

See also State v. Rand, 238 Iowa 250, 263 to 273, 25 N.W.2d 800, 170 A. L. R. 289. We find no error here.

■ IV. Defendant assigns as error the refusal to give a requested instruction on evidence of defendant's good character and reputation, and the giving of Instruction No. 11 thereon.

The first three sentences in Instruction No. 11 are the same as in the requested instruction. The second sentence states: "Such testimony should be considered by you with all of the other evidence in the case in determining his guilt or innocence." The third sentence states, in part, such evidence "is to be considered in connection with all other evidence in the case in determining whether or not the party charged would in fact commit the offense." The fourth and last sentence of Instruction No. 11 provides: "If the evidence of his reputation and good moral character, as above indicated, *taken in connection with all the other evidence in the case,* is sufficient to generate in your minds a reasonable doubt as to the defendant's guilt in this case, he is entitled to an acquittal even though without proof of such good reputation and character you would convict him." (Italics supplied.)

The italicized language is omitted from the requested instruction which contains also a fifth sentence, as follows: "Evidence of such good reputation and character may be sufficient of itself to generate a reasonable doubt as to defendant's guilt in this case, and, if such evidence has created such a doubt in your minds as to the guilt of defendant herein, you should find him not guilty." Instruction No. 11 did not contain this sentence.

Defendant contends he was entitled to a specific instruction that evidence of good character may be sufficient "of itself" to entitle him to an acquittal. This would omit from such instruction the provision that such evidence should be "taken in connection with all the other evidence in the case." It is this language, above italicized, which defendant omitted from the fourth sentence of his requested instruction. In that particular the fourth and fifth sentences of the requested instruction are inconsistent with the second and third sentences which provide such evidence should be considered with all the other evidence. Perhaps the meaning of this language could be deemed carried over into the later sentences of the requested instruction, without repeating it, were it not for the words "of itself" in the fifth sentence of the requested instruction. "Of itself" differs in meaning from "in connection with all other." Moreover, the words "of itself" were purposely used here to express such difference. This is apparent

from defendant's argument which complains that the thought expressed by "of itself" was omitted from Instruction No. 11 which defendant states "informed the jury that a reasonable doubt could only arise from evidence of good character when taken in connection with all of the other evidence in the case."

State v. House, 108 Iowa 68, 70, 78 N.W. 859, states: "The appellant asserts that in directing good character to be considered in connection with all other facts and circumstances, by fair inference, something more than such proof was required in order to warrant an acquittal. Certainly the jurors were bound to take into consideration all the evidence introduced, in passing on the main issue, and might not, in doing so, exclude facts and circumstances shown on the trial."

The text in 23 C. J. S., Criminal Law, section 1211, page 769, states: "It has been held that it is proper to instruct that proof of good character may of itself generate a reasonable doubt, although it has also been held improper to charge that good character alone, without its consideration in connection with the other evidence in the case, may be considered to generate a reasonable doubt * * *."

In the language of 20 Am. Jur., Evidence, section 1219, page 1073: "Such proof must be considered by the jury in connection with all the other testimony and not independently thereof, and the guilt or innocence of the defendant must be determined from all the testimony."

In State v. Ferguson, 222 Iowa 1148, 1156, 1157, 270 N.W. 874, 879, cited by defendant, requested Instruction No. 2 states: "'You are instructed that the good character of the defendant as it has been established may itself, in connection with all the evidence, generate a reasonable doubt and entitle the defendant to an acquittal, even though without such proof you would convict.'"

The court approved this, stating: "It is also well-established law that, if the evidence as to defendant's good character, when considered along with all other evidence, causes the jury to have a reasonable doubt of the guilt of the defendant, they should acquit him."

State v. Fador, 222 Iowa 134, 144, 268 N.W. 625, 630, in affirming a judgment of conviction states, "we think the jury

was clearly told and sufficiently understood from the instructions that if, considering all the evidence, including the evidence as to good reputation, they had any reasonable doubt as to the defendant's guilt, it was their duty to acquit him."

The fourth sentence of Instruction No. 11 properly expresses that doctrine and adds "even though without proof of such good reputation and character you would convict him."

We hold the trial court did not err in refusing to give some parts of the requested instruction and that the criticism leveled at Instruction No. 11 is not well founded.—Affirmed.

All JUSTICES concur except LARSON, J., who takes no part.