STATE OF IOWA, appellee, v. LAWRENCE P. ADDISON, appellant.

No. 49293.

(Reported in 87 N.W.2d 916)

FEBRUARY 11, 1958.
REHEARING DENIED APRIL 11, 1958.

Charles W. Bowers, of Des Moines, for appellant.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, Ray Hanrahan, County Attorney, and J. P. Denato, Assistant County Attorney, for appellee.

OLIVER, J.—In April 1957 the Polk County grand jury indicted Lawrence P. Addison for receiving stolen property, as defined in section 712.1, Code of Iowa, 1954, charging he bought, received or aided in concealing a stolen movie projector belonging to the Independent School District of Des Moines, and worth more than twenty dollars, knowing it had been stolen. Thereafter, in compliance with a motion made by defendant, the State filed a Bill of Particulars, which stated defendant purchased the movie projector shortly subsequent to October 9, 1956, and purchased a typewriter, referred to in the minutes attached to the indictment, shortly after the first week of February 1957.

The indictment followed the arrest of Jerry Devan, a

fifteen-year-old boy, who confessed he, with several other youths, had committed twenty-three thefts and burglaries in Des Moines about the year 1956, including a number of burglaries of the junior high school from which the movie projector was taken. Jerry was a witness before the grand jury for four days, concerning these matters.

The principal of the school testified it was broken into and the movie projector taken during the night of October 9, 1956. There was evidence the value of the (used) projector was $150. Jerry Devan testified he took it from the school to his home. The name of the school district was painted on it. Jerry scratched it off with a razor blade. He tried to sell it and contacted Mrs. Watson and Mary Davis by telephone. The following day he took the projector to the house occupied by his older brother Charles Devan, Jr., and Mary Davis. From there it was taken by Jerry, Charles and Mary, in Charles' automobile, to the home of Mr. and Mrs. Watson in Des Moines. This was about October 10, 1956, early in the evening.

Jerry set up and operated the projector in the Watson home, using the wall as a screen. He testified the Watsons, Mary Davis and defendant, Lawrence (Larry) Addison, were the only persons he saw there. "Larry bought the machine from me for $50. * * * I had a talk with Larry about the machine. He asked me was it hot. I told him yes." Jerry gave his brother Charles $20 of the money paid him by defendant. Charles testified he heard some of the conversation and that defendant said he did not have to worry about the projector because everything he had he was taking with him out of the state.

Defendant is a chiropractor at Denver, Colorado. He had formerly been a resident of Des Moines for two years, and, according to one witness, had lived in the Watson home. Defendant and five others testified five of them had driven from Denver to Des Moines December 27, 1956, in connection with a mining venture in which they and the Watsons were interested, and that Jerry was at the Watson home with the movie projector when they came there that evening. They testified also that Jerry said his mother was in the hospital and his father had sent him out to raise money on the projector and a typewriter, both of which had been given him by his father; that Jerry

said he needed $50 on the projector and $25 on the typewriter and that defendant gave him $75 and told him he could have the machine back if he could raise the money before defendant left town. This story was contrary to Jerry's testimony and was denied by him.

Defendant testified he returned to Denver the next day and took the movie projector and typewriter with him. He testified he did not know nor suspect they had been stolen; he did not think the projector was worth $50; he had no use for the items and gave Jerry $75 for them because he felt sorry for him. He testified also he left the projector in Denver and did not bring it to the trial because, even after his arraignment, he did not know it was the stolen property he was charged with having received.

In the State's rebuttal evidence, Jerry Devan testified he and two other youths broke into the school building again early in February 1957 and took a typewriter; also they broke into a residence and took a 21-inch television set which they hauled away in a buggy like a baby carriage. They telephoned Jerry's brother Charles, and Charles, Mr. Watson and defendant, Larry Addison, came in Mr. Watson's automobile, to a place in an alley where the three youths had placed these articles, loaded the articles into the automobile and drove to 1520 Maple Street, the home of Charles Devan and Mary Davis, where defendant examined and tested the typewriter and television set, was told Charles wanted $20 for the typewriter and $30 for the television set, and gave the money to Charles, who gave Jerry $30. Jerry testified: "I have never sold Larry [defendant] any other typewriter. Larry said he was going to give the television set to Mrs. Watson. * * * I saw the television set in the Watson home when the policeman took me over to pick it up."

The jury found defendant guilty as charged and found the value of the stolen property (movie projector) when bought by defendant was $100.

From judgment on the verdict defendant has appealed.

■■ I. Defendant contends the evidence he knew the movie projector had been stolen when he purchased it was insufficient to permit the submission of that question to the jury.

This contention is not meritorious. There was substantial evidence reasonably tending to support the charge defendant knew the projector was stolen property. This, plus the proof of other essential elements, was sufficient to require the submission of the case to the jury. State v. Miskell, 247 Iowa 678, 686, 687, 73 N.W.2d 36, 41, and citations; State v. Rutledge, 243 Iowa 179, 183, 184, 47 N.W.2d 251. That much of this evidence came from the lips of one who stole the property did not invalidate it. State v. Feinberg, 145 Iowa 329, 124 N.W. 208; State v. Wehde, 226 Iowa 47, 283 N.W. 104. The credibility of the witnesses was for the jury.

II. Reference has been made to the testimony of Jerry Devan, in rebuttal, relative to the purchase by defendant in February 1957 of a typewriter and a television set taken by Jerry and two other youths from a schoolhouse and a dwelling house into which they had broken. No objection was made to the admission of that evidence. However, defendant assigns as error the admission in evidence over his objections of the testimony of four other witnesses to the same transactions, and the overruling of his motion to strike that part of the evidence of each of the five witnesses.

The questioned rulings were not erroneous. In the first place the testimony tended to rebut the testimony of defendant and his witnesses concerning his purchase of the movie projector. Witnesses for the State had testified defendant bought the projector, only, in October 1956. Their testimony made no reference to the typewriter. The version of defendant and his witnesses was that he bought both the projector and the typewriter in one transaction, December 27, 1956. It was proper for the State in rebuttal to present evidence tending to disprove defendant's version that the transaction for which he was then being tried was linked together with his purchase of the typewriter.

That such evidence may have tended to show defendant was guilty of another crime did not make it inadmissible. State v. Crisman, 244 Iowa 590, 596, 57 N.W.2d 207, recognizes this rule and quotes with approval from State v. Campbell, 209 Iowa 519, 522, 523, 228 N.W. 22, 23:

" 'The evidence was not offered for the purpose of proving another crime. If the facts proved had a material bearing upon the issues in the case, they were admissible in evidence; and this would be true regardless of whether they constituted a crime or not.' "

State v. Rand, 238 Iowa 250, 263 to 273, 25 N.W.2d 800, 170 A. L. R. 289, considers this proposition in some detail and cites many authorities in support of the foregoing rule. See also annotation in 170 A. L. R. 306.

■ The evidence in question was admissible for the purpose, also, of showing the intent or guilty knowledge of defendant in buying the movie projector. State v. Boyd, 195 Iowa 1091, 1094, 191 N.W. 84, 86, held the admission over objections of evidence to show defendant received stolen property at times subsequent to that charged in the indictment was not error. "We have frequently held that evidence of a similar transaction is admissible for the purpose of showing guilty knowledge on the part of the defendant that the goods which he received or concealed had been stolen." See also State v. Baugh, 200 Iowa 1225, 206 N.W. 250.

The trial court recognized this rule, and Instruction No. 8 stated such evidence "may be considered by you. only for the purpose of aiding you to determine the intent with which defendant committed the acts charged in the indictment, * * *."

■ III. Defendant predicates error upon the foregoing Instruction No. 8, for that the indictment charged acts committed in October 1956, and the alleged similar acts four months later were remote in time and wholly disconnected from such former acts. We have already held the evidence was admissible for the limited purpose stated in Instruction No. 8 and also without such limitation. Hence, Instruction No. 8 was more favorable to defendant than he was entitled to have given.

IV. Defendant complains the television set, Exhibit A, was admitted in evidence over his objection. It is sufficient to say it was admissible in connection with the evidence of its procurement by the youths and its purchase by defendant.

V. It is contended defendant was prejudiced by insinuations and inferences against defendant in leading and suggestive

questions put by the State to certain witnesses. We have examined that part of the record and find this contention unjustified.

■ VI. A police officer testified for the State, he first saw the television set, Exhibit A, in the Watson home October 12, 1956, and took it into custody. He was then asked, "Can you tell whether or not the Watsons are under indictment for receiving stolen goods?" Over defendant's objections he was permitted to answer, "They are." We agree with defendant this ruling was incorrect. However, we hold error is not sufficient to entitle defendant to a reversal of the judgment of conviction.

The record shows the court conducted the case carefully and ably and that defendant received a fair trial.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.