**People of the State of Illinois, Plaintiff-Appellee, v. Billie J. Curtis, Defendant-Appellant.**

**Gen. No. 52,610.**

First District, Third Division.

November 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John E. Hughes, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Kenneth L. Gillis, Special Assistant State's Attorney, and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Billie J. Curtis, was charged with the crime of burglary. After a jury trial, defendant was found

guilty and sentenced to the penitentiary for a period of two and a half to four years. Defendant appeals, contending first that a certain State's instruction was erroneously given, and secondly, that he was not proved guilty of burglary beyond a reasonable doubt.

On November 27, 1966, at about 9:30 p. m., Officers Thomas Rowan and Morris Steward were in the vicinity of 1300 East 64th Street in the City of Chicago, pursuant to a burglary in progress call. They noticed two men, one of whom was later identified as defendant. Defendant was carrying twelve bags containing hats, while the other man, named Cox, was carrying nine bags containing hats and also a radio. Cox told the police that it was his merchandise, and that he was moving. The officers then went to Cox's apartment, where they recovered other items which were later identified as being stolen. The officers took all of the recovered property to the police station, and it was identified by the owner of a cleaning establishment as property from his store.

James Manseles testified that he owned a cleaning and hat shop at 1403 East 63rd Street. On November 27, 1966, he left the store at about 4:30 p. m. He was called about 9:15 p. m. and was told that his shop had been burglarized. He went to the store and found the glass on the front door broken. At the police station, he identified the recovered property as his.

Defendant testified that on November 27, 1966, he was in the vicinity of 1300 East 63rd Street when a man stopped him on the street and asked him to help carry some packages. He had never seen the man before. When defendant first saw the other man, the latter was carrying "a radio, 18 hats, some clothes and things."

Defendant's first contention is that one of the State's instructions was erroneously given to the jury. The disputed instruction reads as follows:

"The Court instructs the jury that the exclusive possession, shortly after the commission of burglary, of

300

stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction if the jury believes that such possession has been established beyond a reasonable doubt and in the absence of any other evidence of facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person."

■ Defendant agrees with the principle that the recent, unexplained and exclusive possession of stolen property by an accused gives rise to an inference of guilt sufficient to sustain a conviction, People v. Franceschini, 20 Ill2d 126, 169 NE2d 244 (1960), but argues that the above instruction was coercive and amounted to directing a verdict because it assumed that defendant was in exclusive possession of the stolen property and had not explained that possession.

■ On the issue of exclusive possession, in People v. Hurry, 385 Ill 486, 52 NE2d 173 (1944), pursuant to a confession made by defendant, stolen goods were found at his home. He denied possession of the stolen property, and on appeal claimed that an instruction similar to the one in the instant case was given erroneously. The court stated at p 493, that:

"The question of whether or not the defendant is in possession of stolen property is often a question of fact, and if the proof tends to establish such possession then such instruction may be given regardless of whether possession is denied or not."

■ ■ That holding is consistent with the general rule that an instruction, to be properly given, must be supported by some evidence, but not necessarily by undisputed evidence. People v. Cavaness, 21 Ill2d 46, 171 NE2d 56 (1960). Moreover, possession of stolen property, shared jointly with others, is sufficient to raise the

inference. In People v. Reynolds, 27 Ill2d 523, 190 NE2d 301 (1963), the court held that where defendant was a passenger in an automobile containing stolen property in the back seat, the evidence established exclusive and joint possession sufficient to raise the inference of guilt.

In the case at bar, defendant was carrying several bags of stolen hats when stopped by the police. Defendant does not deny carrying those bags, and we cannot see how the element of exclusive possession is in dispute. Even if, under any theory, exclusive possession could be disputed, the instruction concerning it would be proper in accordance with the holding in People v. Hurry, supra.

On the issue of explained possession, defendant argues that, since he offered an explanation as to how he came into possession of the hats, the instruction was improper because it assumed that his possession had been unexplained.

However, in the People v. Carvin, 20 Ill2d 32, 169 NE2d 260 (1960), the court approved an instruction almost identical to the instruction in the instant case. In Carvin defendant explained his possession of the stolen property by testifying that the watch allegedly stolen was his. The court held that the instruction was not misleading, and that the jury was free to believe defendant's explanation that it was his watch.

In People v. Himstedt, 377 Ill 498, 37 NE2d 165 (1941), cited by defendant, the court held that an instruction on recent possession of stolen property was prejudicial because it ignored defendant's explanation of why the goods were in his possession. But in Himstedt, the instruction provided that ". . . the recent and unexplained possession . . ." of stolen property raised the inference of guilt. Thus the instruction did ignore defendant's explanation, since it assumed that the possession was unexplained. In the instant case, the instruction explicitly stated that the inference only attached if the possession of stolen property was unexplained. We find that the in-

struction in question sets forth the law as to recent possession of stolen property with sufficient accuracy, that it was not misleading or coercive to the jury, nor did it assume that possession of the stolen property was unexplained. The trial court did not err in giving the instruction.

Defendant next contends that the State failed to prove him guilty beyond a reasonable doubt, since the circumstantial evidence was not convincing and his explanation was reasonable.

■ The inference which arises from the recent, unexplained and exclusive possession of stolen property is, of itself, sufficient to sustain a finding of guilt. People v. Franceschini, supra. Defendant's explanation of how he came into possession of that property creates an issue which the triers of fact must resolve. People v. Reynolds, supra; People v. Ray, 80 Ill App2d 310, 225 NE2d 467 (1967).

■ In the case at bar, defendant was arrested shortly after commission of the crime, carrying some of the stolen property, within a few blocks of the scene of the crime. Thus, the circumstantial evidence tending to show that defendant participated in the burglary was strong. Moreover, defendant's explanation that he came upon a man able to carry a "radio, 18 hats, some clothes and things," must have seemed as unreasonable to the jury as it does to us. The defendant was proved guilty beyond a reasonable doubt.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.