**FRY v LEBOLD**

Ohio Appeals, 5th Dist, Stark Co.

No. 1854.   Decided Oct. 23, 1939

Amerman & Mills, Canton, for plaintiff-appellant.

Black, McCusky, Ruff & Souers, Canton; Fisher & Limbach, New Philadelphia, for defendant-appellee.

## OPINION

By MONTGOMERY, J.

With painstaking care we have read the scena presented, consisting of nine hundred and thirty-four pages. We use this term in view of the definition given by Webster as an "accompanied dramatic recitative interspersed with passages of melody." And we use it advisedly, since the authors of the production submitted for our consideration seem to have acted on the theory that,

"All the world's a stage,
And all the men and women merely players;
They have their exits and their entrances;
And one man in his time plays many parts."

The subject for our review is a judgment rendered by the Court of Common Pleas for the appellant in the sum of one dollar in accordance with a verdict of a jury theretofore returned. His counsel maintain the claim that the action was one for the alienation of the affection of his former wife. Appellee insists that the action was for alleged criminal conversation. The petition averred that: "because of the wicked and malicious conduct of the defendant, as aforesaid, that the love and affection of said Eva M. Fry has been alienated from the plaintiff and he has been deprived of the comfort, fellowship, society and services of his said wife and of her aid and comfort in his domestic affairs." The answer was a general denial.

It is contended, first, that the verdict was manifestly against the weight of the evidence in so far as the amount is concerned and that the said amount is grossly inadequate. We do not find this to be true, if the jury believed the evidence adduced by the defendant, as it had a right to do, assuming that the evidence was competent, which assumption deserves some discussion.

The questioned evidence, the admission of which constitutes one of the assignments of error, goes to the alleged misconduct of the plaintiff prior to the claimed transgression of the defendant. This evidence tended to prove intoxication and improper relations with other women. The former wife testified as to her knowledge of these episodes and that that as a result thereof her life with the plaintiff had become unhappy and they had drifted far apart.

It certainly was proper for the jury to have this information, in order to determine what had in fact alienated this woman from her husband. The evidence was competent as reflecting upon the fact of, or the extent of, the damages sustained by appellant, and was competent under a general denial. For a list of authorities sustaining this proposition, attention is directed to 68 A. L. R., 562, et seq.

In announcing our views concerning this evidence, we accede to the demand of plaintiff's counsel that the action be treated as one for alienation of affections, which is the view adopted by the trial court. And holding this evidence competent, it follows that the charge to the jury concerning it was not erroneous.

One other assignment of error is listed as refusal to admit in evidence the notes taken by an eavesdropper of two telephone conversations between this woman and the defendant. These notes certainly were not competent, and, moreover, the woman who took them was permitted to tell the jury what the conversations were.

It is urged that the trial court erred in refusing to give additional instructions to the jury upon its request therefor. Suffice it to say, that what certain jurors wanted, as shown by their affidavits proffered on the motion for new trial, was information as to wheth-

er a one dollar verdict would carry costs, it was not instruction as to substantive law. Of course the request should have been denied.

All the other assignments of error go to alleged misconduct of counsel. There are but few pages in this record free from reports of altercation. It would appear that two, three and four lawyers were talking more or less continually, injecting comments, making facetious remarks, paying but little attention to the rulings of the trial judge.

Certainly this turning of a lawsuit into an opera bouffe is to be criticized severely, but, in the absence of a showing that the rights of a litigant were affected adversely, we are not disposed to disturb the judgment.

In view of our characterization of this record, this conduct of counsel deserves some further comment.

Mr. Walter Ruff played many parts. He bewailed his fate in tragic manner not unworthy of King Lear. Imitating Mazeppa, he lashed his soul naked to the wild horse of his fervid imagination. In the final act, he interspersed the melody, and assumed the role of leading tenor in light opera, singing to the jury and to the spectators.

Mr. Arthur Limbach, laying aside for the nonce the duties imposed upon a statesman, exhibited histrionic ability of no mean order.

Counsel for appellant, presented facetiously as the Mills brothers, took the part of the chorus in a Greek drama, and, beholding what passed in the acts of the tragedy, expressed vociferously the sentiments evoked by the passing events.

It is true that tragedy and comedy were somewhat confused and at times all the leading actors sought a hearing simultaneously.

The whole performance might well rival Mr. Eugene O'Neill's "Strange Interlude," which for weirdness in conception and duration of execution amazed all who saw and heard it.

The play is ended. The actors who failed to receive the curtain calls seek a return engagment. We are not disposed to book it. The judgment may be affirmed.

SHERICK, PJ. and LEMERT, J., concur.