**STATE, Plaintiff-Appellee, v. JESSOP, Defendant-Appellant.**

Ohio Appeals, Second District, Preble County.

No. 128.   Decided November 14, 1952.

Julian E. Clark, Prosecuting Attorney, Eaton, Melvin G. Rueger, Cincinnati, for plaintiff-appellee.

William F. Hopkins, Cincinnati, Waldo E. Young, Eaton, for defendant-appellant.

### OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury, finding the defendant guilty of armed robbery on two counts.  Two errors are assigned, to-wit:

(1) That the verdict is not sustained by the evidence and is contrary to law.

(2) That the Court erred in regard to the method of handling certain requests made by the jury concerning the testimony of several witnesses.

In considering the first assignment, we have carefully examined the entire record, including the various exhibits, and find there appears to be a conflict in the testimony as to the identity of the perpetrator

of the crimes committed. The defendant offered substantial evidence which, if given credence, would tend to establish an alibi. On the other hand, the two victims positively identified the defendant as the one who committed the two offenses. Upon this state of the record we cannot say that the judgment is clearly and manifestly contrary to the evidence. Unless we can so find, we may not reverse on the weight of the evidence. **Scaccuto v. State, 118 Oh St 397; State v. Johnson, 57 Abs 524.**

As to the second error assigned, we are of the opinion that it also is not well taken. It appears that the method used by the Court in answering the questions submitted by the jury was that suggested by one of counsel for the defendant, namely, reading that part of a witness' testimony which answered the questions propounded. The appellant cites §11420-6 GC and urges the Court should have instructed the reporter to read the entire testimony of each of the witnesses instead of only parts of the same. The method of handling such requests seems to be one of discretion resting with the trial court. In **State v. Weil, 56 Abs 136,** the 7th paragraph of the syllabus provides:

"There is no statutory requirement that testimony be read to a jury during its deliberation, nor is it mandatory that the trial judge state his recollection of the testimony."

This case was affirmed in **153 Oh St 586.**

We therefore are of the opinion that the Court did not err in the procedure adopted and even if it did, the same was waived by counsel for the defendant.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.