**POE, Plaintiff-Appellant, v. SUBURBAN MOTOR FREIGHT, INC., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5210. Decided March 7, 1955.

Charles J. Chastang, Columbus, for plaintiff-appellant.
Wiles & Doucher, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This appeal is directed to an instruction of the trial judge upon a request of the jury which was considering the case.

The cause was submitted upon the request of counsel for a special verdict and it is conceded that the trial judge properly instructed the jury in his general charge.

Three specifications of negligence were asserted in the petition:

1. Failure of defendant to yield the right of way.

2. Failure to give any signal or warning of his intention to drive motor truck of defendant into the intersection.

3. In driving the motor truck to the left of the center line of East Long Street.

All of these specifications were submitted to the jury.

The answer was a general denial with five separate specific defenses, one of which was that the collision was proximately caused by plaintiff in that he was negligent in operating his motor vehicle into the intersection against a red light. The jury, after considering the case for some time made this request in writing, of the trial judge:

"Judge Parker—

"YOUR HONOR—The jury wishes to be informed—Does the plaintiff have to definitely prove that the defendant ran the red light before he can recover any damages?"

While the trial judge was considering the answer to be made to the query of the jury counsel for plaintiff insisted that the answer should be in the negative. Thereafter the Court instructed the jury as follows:

"Members of the Jury, in response to your inquiry, you are to find what the facts are as shown by the evidence; what the facts are according to the evidence with reference to the condition of the traffic light is for you to say from the evidence."

One error is assigned, namely, that the answer as given to the jury was prejudicial and reversible error.

It is urged that the answer of the trial judge was not correct, that it should have been "No," coupled with further instruction or explanation as to the quantum of proof required of plaintiff, the latter contention because of the use of the language in the inquiry, "Does the plaintiff have to **definitely** prove that the defendant ran the red light"; that definite proof implies greater proof than a mere preponderance of the evidence. The statute defining the obligation of the Court upon receiving the inquiry is cited, §11420-6 GC.

"After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, * * *."

It was the obligation of the Court to give the information sought on the matters of law which were germane to and proper on a special verdict. This obligation was no greater nor less than devolved on the Court as to the general charge and must be judged by the same standard.

We are of opinion that the charge as given was correct and if not as full and complete as it should have been the Court did not err to the prejudice of plaintiff. A negative answer to the question, if proper, would not have been complete. In the case of **State v. Tudor, 43 Oh St 130,** involving a verdict of first degree murder with the death sentence, the jury requested explanation "When could the defendant be pardoned if a verdict of guilty of first degree murder with recommendation of mercy be returned." The trial judge, in part, said to the jury 'But the point is that a person convicted of murder in the first degree is eligible for

parole after the expiration of twenty years." We held the answer of the trial judge to be an incorrect statement of the law in that it failed to include other conditions preliminary to a parole, such as good conduct, recommendation by the Pardon and Parole Board that there be a commutation of sentence, and the commutation by the Governor. Manifestly, these further requisites unknown to the jury may have weighed heavily in its refusal to extend mercy. The trial judge recognized this in ruling on the motion for a new trial when he said, "I am of the opinion that this additional information removed any chance the defendant may have had of escaping the death penalty." We followed the principle contended for by appellant here that when a judge undertakes to charge the law upon a given proposition, he must do it fully and that a failure so to do is an error of commission. The Supreme Court in 154 Oh St 249 reversed, and in the first syllabus held:

"Where a trial court gives an instruction in answer to an inquiry of the jury which instruction is incomplete but correct as far as it goes, counsel has the duty to request the trial court to charge further so as to eliminate any possible confusion of the jury which may result from the incompleteness of such instruction. Any failure to charge further, if it is error, is an error of omission and not of commission. Unless counsel has requested the court to supply the omission, such error will not ordinarily justify reversal even in a criminal case."

Inasmuch as it does not appear that counsel for appellant requested the Court to charge the jury any further than to answer the question in the negative, the Tudor case would seem to be controlling. If it be that the Court should have charged the jury as to quantum of proof, it was not an error of commission to fail to so charge inasmuch as the charge was correct as far as it went and as counsel did not request the Court to supply the omission. The error, if any, will not justify a reversal.

Upon the question of further charging on quantum of proof, the trial judge did not interpret the question as calling for an elucidation as to the burden of proof nor does it appear that counsel for appellant informed the Court that he so interpreted the question. This then is not a situation where a trial judge has charged correctly and incorrectly on a principle of law as in the cases cited by appellant, Bosjnak v. Superior Sheet Steel Company, 145 Oh St 538; Marcoguiseppe v. State, 114 Oh St 299; Industrial Commission v. Ripke, 129 Oh St 649; Montanari v. Haworth, 108 Oh St 8. The Judge several times in the general charge defined preponderance of the evidence and stated that the burden of proving the facts alleged by plaintiff was upon him by such degree of proof. This was the only instruction on the quantum of proof that the jury was given and it is highly improbable that it meant to express any doubt on the matter by reason of the language in the question. It is urged that the jury would probably have returned findings of fact favorable to the plaintiff on one or both of the other two allegations of negligence but for the answer of the trial judge to the question of the jury. But the question gave no consideration to nor asked any enlightenment upon these other charges and the failure to make any finding

relative to them is convincing that the proof did not support a finding favorable to the plaintiff. The finding of fact that the plaintiff ran the red light must have been proven at least by a preponderance of the evidence, or if the interpretation of the appellant of the meaning of the question is sound, by a greater degree of proof than a preponderance. We cannot find that the Court erred to the prejudice of appellant either in refusing to answer the question of the jury in the negative or in failing to elucidate on the question of the quantum of proof.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.