THE STATE OF OHIO, APPELLEE, *v.* MCRAE, APPELLANT, ET AL.

[Cite as State v. McRae, 4 Ohio App. 2d 217.]

218

(No. 27394—Decided November 18, 1965.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Mr. Charles M. Zavell,* for appellant.

ARTL, J.   James McRae and codefendant Warnell Waters were convicted by a jury of the crime of grand larceny, and on March 24, 1965, the Court of Common Pleas entered judgment thereon and sentenced McRae to the Ohio Penitentiary.   This appeal by McRae is from that judgment.   The value of property stolen was fixed by the jury at $125.

The assignments of error set forth by appellant are eight in number.   Of these assignments of error, numbers 1, 2, 3, 5, 6, 7 and 8 deal with the action of the court in that (1) the state failed to prove defendant-appellant guilty beyond a reasonable doubt; (2) the court overruled the motion to discharge defendant-appellant at the close of the state's case; (3) same as to motion at close of defendant-appellant's case; (5) the court failed to grant defendant-appellant's motion for a new trial; (6) the verdict is contrary to law; (7) the verdict is against the weight of the evidence; and (8) other errors are apparent upon the record.

If the appellant's assignments of error were limited to those set out above, we would be confronted with no problem. Those assignments of error would have to be overruled because the case was submitted to a jury; the jury's verdict is supported by the evidence and its conclusions reached would not be disturbed on review.

There are questions raised on this appeal, however, to which we must direct our attention. They are raised by the appellant's assignment of error No. 4, which reads:

"The court erred in allowing the reading of that portion of the Constitution of the state of Ohio, and that portion of the state statute in response to the jury's communication concerning an inquiry as to the defendant-appellant McRae's refusal to take the stand without the court's further corrective instruction and explanation to the jury so that the jury would not be confused and would not be in doubt as to the effect of said answer to said communication, all to the prejudice of the defendant-appellant from having a fair trial."

One such question raised by appellant under this assignment is directed to the court's charge with respect to the attention that a jury is to give to the uncorroborated testimony of an accomplice, especially when such accomplice has an arrangement with the police. The alleged arrangement in the instant case is to the effect that the accomplice was not to be charged with the crime to which he was an accomplice and was to be charged only with a lesser degree of another crime in which he was involved in return for his implicating defendant-appellant.

It is said in 15 Ohio Jurisprudence 2d 783, Criminal Law, Section 608, that, except as to several particular crimes expressly provided for by statute, there is no rule of law in Ohio preventing a jury from convicting upon the uncorroborated testimony of an accomplice, and whether a charge should be given the jury in regard to the testimony of an accomplice rests in the sound discretion of the court. Grand larceny is not one of the statutory exceptions.

We have examined the charge of the court with respect thereto and note that the court properly and fully defined the term "accomplice," submitted the question of fact as to who was an accomplice to the jury, and cautioned the jury that the testimony of one found to be an accomplice should be carefully examined and considered with caution.

Upon examination of the record, and notwithstanding that there are inconsistencies in the testimony of the so-called accomplice and in the circumstances developed by the evidence, it was the task of the jury, under the instructions of the court, to determine what weight it would attribute to the accomplice's

testimony. With this in mind, we conclude and therefore hold that the testimony of such witness was not uncorroborated and that circumstantial evidence would support the jury's verdict.

A second serious problem is presented by the brief of the appellant as another part of his assignment of error No. 4.

In the instant case, two defendants were jointly charged with the crime of grand larceny. Upon trial, one of the defendants testified in the case; defendant-appellant did not, as was his privilege under the Constitutions of the United States and Ohio.

The court in the case at bar gave the jury what has been respected in Ohio as a cautionary instruction, recognized in law as a proper instruction for years. *State* v. *Bernstein* (App.), 25 Ohio Law Abs. 291. The charge was in the following language:

"One of the defendants testified in this case. You will weigh his testimony in the same manner as you weigh the testimony of the other witnesses who appeared. Just because he is a defendant is no reason for you to disregard and set aside his testimony. You will give his testimony the weight it is entitled to receive, taking into consideration his interest in the outcome of the case, and apply to his testimony the same rules that you will apply to the testimony of all other witnesses who appeared in this case. It is for you to determine what weight you will give to the testimony of any witness who appeared in this case."

The brief of the appellant argues that the giving of this charge constituted prejudicial error in that it singled out the testimony of the defendant who took the stand and thereby emphasized the inaction of defendant-appellant who exercised his right to refrain from so doing. Clearly, under the law of the state of Ohio, the court was justified in giving this charge. If it had not, the defendant who had testified in the case would have had occasion to complain. On the other hand, the state would have been entitled to a declaration of the court that the testimony of the codefendant who testified was to be considered in the light of his interest in the case.

The appellant bases his claim of prejudicial error on the decision of *Griffin* v. *California* (1965), 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229.

We, of course, are bound by and must give effect to the holding laid down in the case of *Griffin* v. *California, supra.* But as we read, understand and apply the principles laid down in that case, it is clear to us that the United States Supreme Court did not by such decision hold that a trial court, which has on trial two codefendants, is to conduct such trial in a manner that would totally ignore the rights of a codefendant who did testify in the case as well as the rights of the state in order to protect the rights only of the codefendant who exercised his privilege under the Fifth Amendment.

The argument of the appellant based upon the decision of the case of *Griffin* v. *California, supra,* must be considered in the light of the holding in that case as proclaimed by the L. Ed. headnotes and the opinion supporting it. An examination thereof discloses:

"3. The Fifth Amendment, in its direct application to the federal government and its bearing on the states by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court *that such silence is evidence of guilt * * *."* (Emphasis added.)

There is no claim in the case at bar that the prosecution or the court made any comment at this point on the fact that the appellant did not testify in this case. The only complaint is that the court, by giving a charge that the testifying defendant or the state could have demanded as a matter of right under Ohio law, emphasized the fact that the other defendant did not testify.

In the opinion of *Griffin* v. *California,* the court makes a comment which we think has a bearing upon appellant's complaint in question. The Honorable Mr. Justice Douglas, speaking for the majority, states:

"* * * What the jury may infer given no help from the court is one thing. What they may infer when the court solemnizes the silence of the accused into evidence against him is quite another. * * *"

The facts as presented in *Griffin* v. *California,* as reflected by the opinion of that case, demonstrate the vice that led to such decision.

If we are to assume that in the case at bar codefendant

McRae, who did not testify as was his right, was, as claimed in the brief, prejudiced by the charge, it would seem that the least that could have been expected was a demand from or a request by appellant that the court charge the jury as to his right to refrain from testifying in the case. Had he done so, and had the court acquiesced therein, it is quite likely that the further question we are confronted with might well have been obviated.

In this connection, we note that in the decision of *Griffin* v. *California, supra,* in Note 6 to the opinion, the court stated:

"We reserve decision on whether an accused can require, as in *Bruno* v. *United States*, 308 U. S. 287, that the jury be instructed that his silence must be disregarded."

Defendant Bruno, along with eighty-seven others, was convicted of a conspiracy to violate the narcotic laws. Some of Bruno's codefendants took the witness stand. He did not. The trial court gave the following instructions to the jury regarding the attitude to be observed by them towards the accused as a witness:

"It is the privilege of a defendant to testify as a witness if, and only when, he so elects; and when he does testify his credibility is to be determined in the light of his interest, which usually is greater than that of any other witness, and is therefore a matter which may seriously affect the credence that shall be given to his testimony."

Bruno requested this additional instruction:

"The failure of any defendant to take the witness stand and testify in his own behalf, does not create any presumption against him; the jury is charged that it must not permit that fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner."

The trial judge declined this request.

In the *Bruno* opinion the court pointed out that the issue was determined by a proper application of the Act of March 16, 1878, 20 Stats. at L. 30, as amended Section 632, Title 28, U. S. Code (now 62 Stats. at L. 833, Section 3481, Title 18, U. S. Code), which read:

"In the trial of all * * * persons charged with the commission of crimes, offenses, and misdemeanors, in the United States

courts * * * the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him.''

The decision of the court is embodied in the syllabus on page 287:

''1. Under the Act of March 16, 1878, the accused in a criminal case in the federal court is entitled, upon request, to have the jury instructed, in substance, that his failure to avail himself of the privilege of testifying does not create any presumption against him and must not be permitted by the jury to weigh against him.

''2. Refusal to grant such an instruction is not a 'technical error' to be disregarded upon review or motion for new trial, within the meaning of 28 U. S. Code, Section 391.''

In our study of the *Bruno case*, we should point out that although Section 632, Title 28 of the United States Code (now 62 Stats. at L. 833, Section 3481, Title 18, U. S. Code), contains the affirmative language, ''And his failure to make such request [to testify] shall not create any presumption against him,'' the decision of the Supreme Court does not say that a trial court must on its own so charge the jury. It is apparent from the syllabus that the trial court must do so only ''upon request.''

It would seem to follow that in the case at bar if the appellant felt that the trial court, by giving the charge that it did, created thereby any disadvantage to the defendant-appellant, a request to the court for a charge declaring appellant's right to refrain from testifying should have been made.

A third serious objection raised by the appellant's brief is the fact that during the deliberations of the jury it requested further instructions in the form of the following communication:

''The Court: Let the record show that the court has received the following communication:

'' 'Honorable Judge Jackson: We would like to know of the court if there is any way that the state could have called or caused defendant McRae to have taken the stand as a witness for the state in such a case as this?

'' 'W. A. Rhodehouse, Foreman.'

''Let the record show that by agreement of counsel, in reply to such question, the court may read a portion of the Consti-

tution of the state of Ohio, and a portion of the state statute.

"Article I of the Constitution of the state of Ohio, Section 10, a portion of it reads as follows:

" 'No person shall be compelled, in any criminal case, to be a witness against himself.'

"Revised Code 2945.43, a portion of which provides: 'On the trial of a criminal cause a person charged with an offense may, at his own request be a witness, but not otherwise.'

"Do you desire to continue deliberating?

"The Foreman: Yes, please."

Appellant claims that the recent decision of the United States Supreme Court ruling that "No comment could be made on the fact that a defendant did not take the witness stand while on trial" applies to the case at bar, consequently requiring a reversal.

Pursuant to the aforesaid inquiry by the jury, the court read to the jury the quoted parts of the Constitution of the state of Ohio and Section 2945.43 of the Revised Code.

Does this comment by the court violate in any manner the decision of the United States Supreme Court in the case of *Griffin* v. *California, supra?*

By the provisions of Section 2315.06 of the Revised Code, when a jury during its deliberations requires further instructions as to the law on any given phase of the case, there is enjoined upon the trial court the mandatory duty to do so.

In the case at bar, the record discloses that, pursuant to the inquiry above set forth and apparently following a discussion between the court and counsel, by agreement of counsel the court read to the jury the above-quoted provisions of the law. Although done by agreement of and with the consent of counsel, there is nothing in the record to indicate that appellant's counsel asked for any additional instruction, nor does the record indicate that said counsel registered any disagreement with the court's action.

As we view this action of the trial court, and considering it in the face of the above analysis of the case of *Griffin* v. *California, supra,* we cannot say that the instruction here given falls within the proscribed vice outlawed by that decision.

It should be pointed out that, had there been a request by appellant that the court define his right to refrain from

testifying and a disposition on the part of the court to comply therewith, in order to avoid the pitfall of *Griffin* v. *California, supra,* the trial court would have been compelled to limit its instruction to precisely what it said in response to the jury's inquiry. It has been said that consistency is a jewel. How then can it be argued that at one point in the trial the court should have defined appellant's rights on failure to testify, and at the same time be argued that, when the court does so in response to an inquiry of the jury which must be answered by law, prejudicial error is committed?

We have earlier noted that the case of *Griffin* v. *California* prohibits the vice of a trial court in its instructions charging that the silence of a defendant is evidence of guilt. The trial court meticulously avoided such pitfall.

It is our further determination and conclusion that where the charge as given was by agreement of counsel, without counsel requiring any further instruction or registering any disagreement with the court's charge, such failure on the part of counsel constituted a waiver of error, if error it was, which we do not concede, so far as the appellant is concerned.

Under the circumstances, we determine and hold that no assignments of error are well taken, and all are hereby overruled.

*Judgment affirmed.*

SILBERT, C. J., and WASSERMAN, J., concur.