THE STATE OF OHIO, APPELLEE, *v.* DINGUS, APPELLANT.

(No. 253—Decided January 24, 1970.)

*Mr. Charles L. Huddleston*, for appellant.
*Mr. James M. Drennen*, for appellee.

STEPHENSON, J.  Alva Ray Carrico, Jr., Dallas Ross, Don Dingus, and Larry Dingus were jointly indicted upon a charge of unlawfully breaking and entering an uninhabited dwelling house, and upon a second count, of the charge of grand larceny.  The indictment was returned on February 17, 1969.  Upon arraignment, all defendants pled not guilty.  Trial was set for March 31, 1969, and subpoenas issued for that date.  On March 25, 1969, defendant, Larry Dingus, filed a notice of alibi and a motion for a separate trial.  Prior to trial, Alva Ray Carrico and Dallas Ross pled guilty to the second count of the indictment and the first count was nolled.  The motion for a separate trial was overruled at the commencement of the trial by jury.  A verdict of guilty was returned against both Larry Dingus and Don Dingus upon both counts. Sentence was entered on the verdict on June 25, 1969, and defendant Larry Dingus has prosecuted an appeal to this court.  Don Dingus did not appeal.

The following errors were assigned:

"1. The court erred in overruling the motion of appellant for separate trial.

"2. The court erred in refusing to give the jury additional instructions on the law as requested by the jury.

"3. The court erred in refusing to allow the testimony of a witness to be read to the jury as requested by said jury.

"4. The verdict is against the weight of the evidence and is contrary to law.

"5. The verdict of the jury on the uncorroborated testimony of the accomplices is prejudicial error and should be set aside.

"6. The court erred in allowing the testimony of Alva Ray Carrico, Jr., and Dallas Ross to be introduced into evidence and considered by the jury as said testimony was completely at variance with the indictment against the appellant herein."

The motion for a separate trial stated the following reasons:

"1. That he would be unable to secure a fair trial

if he were compelled to stand trial with the codefendants herein.

"2. That the weight and inflammatory nature of the evidence against some of the defendants will adversely affect this defendant.

"3. One of the defendants has confessed to said crime and has entered a plea of guilty to said charge which evidence will be used in the trial of this defendant."

In support of the motion, appellant filed the following memorandum:

"Where two persons are indicted jointly for a crime, and a confession is obtained from one of those so indicted, which confession it is proposed to use in evidence, failure to grant a separate trial to the other defendant, upon proper demand, constitutes an abuse of discretion." *State* v. *Shafer*, 25 O. O. 342; *State* v. *Rosen*, 151 Ohio St. 339, 39 O. O. 182.

R. C. 2945.13 provides:

"When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court, for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, orders one or more of said defendants be tried separately."

Thus, where there is a joint indictment, the defendants must be tried jointly unless an application shows good cause why, a separate trial should be granted. Whether or not a separate trial is granted rests within the sound discretion of the trial court and the burden of establishing good cause is upon the defendant. 15 Ohio Jurisprudence 2d 652, Criminal Law, Sec. 485, *State* v. *Perod*, 15 Ohio App. 2d 115.

The Ohio Supreme Court has held that this discretion was abused where a lower court refused a defendant a separate trial and a confession had been made by a second defendant in his absence which implicated the absent defendant, and the state intended to use the confession at their joint trial. *State* v. *Rosen*, 151 Ohio St. 339. This must be distinguished, however, from the situation

where, as here, a codefendant pleads guilty prior to trial so that he is no longer a trial codefendant and the confession could not be introduced since it would then be hearsay as to the remaining defendant or defendants.

The confessing defendant could, of course, testify for the prosecution without involving the hearsay rule. The conviction of each defendant in this case was obtained upon the same evidence. There was no hostility between the defendants and each presented his independent evidence of alibi. We cannot find by a review of the record herein that the denial by the court was prejudicial to the appellant, thereby affecting his right to a fair trial. Neither do we find that even a close question was presented showing "good cause," or that the trial court's action constituted an abuse of discretion. This assignment of error is overruled.

The second and third assignments of error will be considered jointly. R. C. 2315.06 provides:

"After the jurors retire to deliberate, if they disagree as to the testimony or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, the court may state its recollection of the testimony upon a disputed point."

The record reflects that two and one-half hours after the jury began deliberations, the jury sent a note to the court requesting three things: (1) an instruction on whether a jury vote must be unanimous, (2) an instruction on what would happen if they could not arrive at a verdict, and (3) if they could have a witness's testimony read to them.

The jury was returned to the courtroom and the trial judge then answered question number one by re-reading the pertinent portion of his prior charge. Counsel for appellant requested the court to instruct the jury as to question number two that if a verdict was not reached, the jury would be dismissed and the case remain pending. Upon objection by the prosecution, no answer was

given to the question. The court did not have the requested testimony read nor did the court state its recollection of the witness's testimony. The court did instruct the jury to apply testimony from its recollection.

It is to be observed that R. C. 2315.06, *supra*, is not mandatory in character so as to require the trial court to state its recollection of the testimony. In *State* v. *Weil*, 56 Ohio Law Abs. 136, the view is taken that such action by the trial court is discretionary in character. The court therein, at page 151, states: "There is no statutory requirement that testimony be read to a jury. Nor is it a mandatory requirement that the trial judge state his recollection of the testimony." See also *State* v. *Jessup*, 71 Ohio Law Abs. 429. We find no abuse of discretion.

Appellant also claims error in the refusal of the trial court to answer the second question. Unlike the act of a trial court, which is discretionary, in which it states its recollection of certain testimony, the act of further instructing on questions of law at the jury's request is a duty and is mandatory, the statute stating that the court "*shall* give the informaton sought on matters of law." Only recently, the Ohio Supreme Court has held the failure of the trial court in a criminal case to answer a question of law relating to a defense presented upon the request of a jury is error prejudicial to defendant's substantial rights. *Cincinnati* v. *Epperson*, 20 Ohio St. 2d 59. In *Poe* v. *Suburban Motor Freight*, 72 Ohio Law Abs. 289, the Court of Appeals of Franklin County stated, at page 290, that the duty of the trial court under the statute was as follows:

"It was the obligation of the Court to give information sought on matters of law which were germane to and proper on a special verdict. This obligation was no greater nor less than devolved on the court as to the general charge and must be judged by the same standards."

In *Fry* v. *Lebold*, 30 Ohio Law Abs. 384, a refusal to instruct on a question of other than substantive law was upheld.

The jury herein had been fully informed on the law

necessary for its deliberations. Further, legal procedure in case of a hung jury was not germane to their duty to attempt to arrive at a verdict. The danger, however, in not answering the question posed is a misapprehension by a juror that a verdict must be reached. A defendant may not be deprived of his right to the possibility of a hung jury. *U. S.* v. *Harris*, 391 F. 2d 384. The nature of the question presupposes, however, knowledge of the right of the jury to disagree. We are of the opinion the refusal to instruct as requested, the request not being germane to any issue in the case and unnecessary to the jury's duty to determine guilt or innocence, violated no substantial right of appellant and such did not constitute prejudicial error.

The fourth assignment of error is that the verdict is against the weight of the evidence. The thrust of appellant's argument is that the testimony of the prosecution witnesses was so conflicting that the sufficiency of the evidence was affected. In *Breece* v. *State*, 12 Ohio St. 146, the fourth paragraph of the syllabus provides:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony."

We do not deem it necessary to set forth each element of the offenses in question. By our view, there was sufficient evidence, if accepted by the jury, upon each essential element to sustain the verdict by the requisite degree of proof.

Under the fifth assignment of error, it is claimed that a conviction upon the uncorroborated testimony of accomplices is prejudicial error. Suffice it to say that it has been the law of this state since *Allen* v. *State*, 10 Ohio St. 287 that such convictions are authorized absent a special statute. Nor is the court required to instruct the jury not to convict unless the testimony of the accomplice is corroborated. *State* v. *McRae*, 4 Ohio App. 2d 217. Certain cautionary instructions were given, however, in

this case, by the trial judge. Further, there was, in this case, corroboration not only by the testimony of one accomplice with the other, but, also, demonstrative evidence in the form of a stolen radio, the possession of which was connected with the defendants. We find no merit in this assignment of error.

Under the sixth assignment of error, objection is made to the introduction of the testimony of the state's witnesses because it is in variance with the indictment as to the time of the offense.

In *Tesca* v. *State*, 108 Ohio St. 287, the first paragraph of the syllabus provides:

"In a criminal charge the exact date and time are immaterial unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged. See Section 13581, General Code."

R. C. 2941.08 now embodies the former G. C. 13581 referred to above. The Franklin County Court of Appeals has stated that "in general, the evidence must be sufficient to show the time of the commission of the offense and that it occurred prior to the commencement of the prosecution and not at a period so remote as to be barred by the statute of limitations." *State* v. *Curtis*, 83 Ohio Law Abs. 25, paragraph 5 of the syllabus.

The fact that an alibi as to the date alleged in the indictment is relied upon by appellant does not, by our view, alter the rule that proof of the offense on or about the alleged date is sufficient. Evidence presented by the witnesses as to the exact date of the offense is in conflict. However, the exact date is not essential to the validity of the conviction, and, therefore, the failure to prove such is likewise of no consequence.

Finding as we do that no error prejudicial to appellant's rights has intervened below, the judgment is affirmed.

*Judgment affirmed.*

GRAY, P. J., and ABELE, J., concur.