[Cite as *State v. Copas*, 2013-Ohio-2184.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12-CA-24 |
| DAVID E. COPAS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Guernsey County
Court of Common Pleas, Case No.
10CR000159

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 28, 2013

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
Prosecuting Attorney
139 West 8th Street
Cambridge, OH 43725

For Defendant-Appellant

LINDSEY K. DONEHUE
120 Southgate Parkway
Box 464
Cambridge, OH 43725

*Gwin, P.J.*

**{¶1}** Defendant-appellant David Copas ["Copas"] appeals from his re-sentencing after remand by this Court.

*Facts and Procedural History*

**{¶2}** On October 27, 2010, the Guernsey County Grand Jury indicted Copas on six counts of rape in violation of R.C. 2907.02(A)(1)(b), one count of rape in violation of R.C. 2907.02(A)(2), and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31. The six counts of rape under R.C. 2907.02(A)(1)(b) included specifications that the victim was under thirteen years of age and they occurred by force or threat of force. The R.C. 2907.02(A)(2) rape count included a specification that it occurred by force or threat of force. Said charges arose from incidents which involved a minor over a continuous course of conduct from August 1999 to June 2007 (the R.C. 2907.02(A)(1)(b) counts) and July 28, 2007 to May 31, 2010 (the R.C. 2907.02(A)(2) count), starting when the minor was five years old.

**{¶3}** A jury trial commenced on March 29, 2011. The jury found Copas guilty as charged. By judgment entry filed May 3, 2011, the trial court sentenced Copas to an aggregate term of eighty-five years to life in prison.

**{¶4}** This Court affirmed Copas' convictions; however, this Court found,

> We note prior to the amendment on January 2, 2007, a defendant found guilty of R.C. 2907.02(A)(1)(b) involving force or threat of force was subject to life imprisonment. See, Former R.C. 2907.02(B). Appellant argues pursuant to 2967.13(A)(5), he would be entitled to parole eligibility after ten years on the offenses he committed prior to January 2, 2007.

Upon review, we find the sentencing entry is silent as to the time period of when the six individual R.C. 2907.02(A)(1)(b) counts occurred, before or after January 2, 2007. We hereby vacate the sentence and remand the matter to the trial court for a specific determination as to when each R.C. 2907.02(A)(1)(b) count occurred, before or after January 2, 2007, and to resentence appellant.

*State v. Copas*, 5th Dist. No. 11CA000012, 2012-Ohio-1556, ¶¶43-44.

{¶5} The re-sentencing hearing was held October 1, 2012. The court noted that the sentences on counts seven and eight and the consecutive and concurrent findings had been reviewed by this Court and affirmed. The court then found as to count one through six that the appropriate sentence was a life imprisonment sentence with the eligibility of parole after ten years. In accord with the court's prior judgment the trial court found counts one, two, and three should be served consecutive with counts four, five, and six. Counts four, five and six were to be served concurrently with each other and concurrent to counts one, two, and three. Count seven was ordered consecutive and count eight was ordered to be served concurrently.

*Assignments of Error*

{¶6} Copas raises one assignment of error,

{¶7} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AMENDED THE INDICTMENT AND CHANGED THE NATURE OF THE CRIME CHARGED."

*Analysis*

{¶8}   Copas argues that the trial court impermissibly amended the indictment to find that all of the offenses occurred prior to January 2, 2007. Copas claims that the date the events occurred is a finding of fact that must be made by a jury; therefore, he asserts he is entitled to a new jury trial.

{¶9}   The function of an indictment is to give adequate notice to the defendant of what he is being charged with and a fair chance to defend. *State v. Sellards*, 17 Ohio St.3d 169, 170, 478 N.E.2d 781(1985). A criminal indictment serves two purposes. First, an indictment "compels the government to aver all material facts constituting the essential elements of an offense," providing the accused adequate notice and the opportunity to defend the charges. *State v. Childs*, 88 Ohio St.3d 194, 198, 724 N.E.2d 781(2000). Second, the indictment, "by identifying and defining the offense, * * * serves to protect the accused from future prosecutions for the same offense." Id.

{¶10}  A trial court's decision allowing an amendment that changes the name or identity of the offense charged constitutes reversible error regardless of whether the accused can demonstrate prejudice. *State v. Honeycutt,* 2nd Dist. No. 19004, 2002-Ohio-3490; *State v. Brown,* 5th Dist. No. 2005CAA01002, 2005-Ohio-5639, ¶45. When an amendment is allowed that does not change the name or identity of the offense charged, the accused is entitled to a discharge of the jury or a continuance, "unless it clearly appears from the whole of the proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made." Id., quoting Crim.R. 7(D). A trial court's decision to permit the amendment of an indictment is reviewed under an abuse of discretion standard. *State v. Beach,* 148 Ohio

App.3d 181, 772 N.E.2d 677, 2002-Ohio-2759, ¶23, *appeal not allowed*, 96 Ohio St.3d 1516, 2002-Ohio-4950. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983), *quoting State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144(1980). To demonstrate error, defendant must show not only that the trial court abused its discretion, but that the amendment prejudiced his defense. *Id.*

**{¶11}** The Supreme Court of Ohio has held that the exact time and date of the alleged offense need not be specified in the indictment unless the time and date are essential elements of the offense. *State v. Sellards,* 17 Ohio St.3d at 171, 478 N.E.2d 781. It is axiomatic that in cases involving sexual misconduct with a young child, precise times and dates of the conduct or offenses often will not be determined. *State v. Boyer,* 10th Dist. No. 06AP–05, 2006-Ohio-6992, ¶11, citing *State v. Barnecut,* 44 Ohio App.3d 149, 151–152, 542 N.E.2d 353 (5th Dist.1988).

**{¶12}** If such is not fatal to an indictment, it follows that impreciseness and inexactitude of the evidence at trial is not *"per se* impermissible or necessarily fatal to a prosecution." *State v. Robinette*, 5th Dist. No. CA-652, 1987 WL 7153(Feb. 27, 1987). The question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability fairly to defend himself. *Sellards, supra; State v. Gingell*, 7 Ohio App.3d 364, 368, 455 N.E.2d 1066, 1071(1st Dist. 1982); *State v. Kinney*, 35 Ohio App.3d 84, 519 N.E.2d 1386(1st Dist. 1987).

**{¶13}** Grafted upon the question of prejudice is a problem that cases of child abuse invariably present, *i.e.,* a victim-witness who, due to tender years, does not have

the temporal memory of an adult and has problems remembering exact times. As this court has noted: "[t]ime is neither essential nor an element of the crime of sexual battery." *State v. Robinette.*

**{¶14}** In *Robinette* this court stated,

> We note that these particular cases often make it more difficult to ascertain specific dates. The victims are young children who may reasonably be unable to remember exact times and dates of psychologically traumatic sexual abuses. This is especially true where the crimes involve several instances of abuse spread out over an extended period of time. *State v. Humfleet* (Sept. 9, 1985), Clermont App. No. CA84-04-031, unreported, at 15. The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse. An allowance for reasonableness and inexactitude must be made for such cases considering the circumstances.

1987 WL 7153 at *3.

**{¶15}** In *State v. Sellards,* the Supreme Court gave two examples of when the failure to provide specific dates and times could be prejudicial to the accused. The court first noted that if the age of the victim were an element of the crime with which the accused had been charged and the victim bordered on the age required to make the conduct criminal, then the failure to provide a more specific time frame would be prejudicial. This is true because "specific dates of sexual conduct might well have become critical to the accused's ability to prepare a defense, since sexual conduct

toward one thirteen years of age or older would not constitute the offense of rape as defined in the charged section of the criminal code, R.C. 2907.02(A)(3)." *Sellards,* 17 Ohio St.3d at 172, 478 N.E.2d at 785. The second situation is where "the defendant had been imprisoned or was indisputably elsewhere during part but not all of the intervals of time set out in the indictment. Again, under such circumstances, the inability of the state to produce a greater degree of specificity would unquestionably prejudice the defense." Id. The *Sellards* court noted, "the record in this case does not indicate that the failure to provide the accused with a specific date was a material detriment to the preparation of his defense. In this regard, we note that while appellee claims on appeal that the inexactitude of the indictment and bill of particulars as to date denied him the ability to present an alibi defense, appellee never filed a notice of intent to rely on an alibi as is required by Crim.R. 12.1. (Cf. *State v. Dingus* [1970], 26 Ohio App.2d 131, 137, 269 N.E.2d 923 [55 O.O.2d 280]; *Gingell, supra,* at 368, 455 N.E.2d 1066.)" Id.

{¶16} In the case at bar, Copas' defense was that the incidents did not occur at any time. Copas did not file a notice of alibi for any of the time period set forth in the original indictment. Time was not an essential element of any of the crimes charged. Therefore, it was not necessary for the jury to make a finding with respect to the date upon which the incidents occurred.

{¶17} The Ohio Supreme Court has held that an amendment changes the identity of the crime if the penalty or degree of the offense would be increased because of the amendment. *State v. O'Brien* 30 Ohio St.3d at 127, 508 N.E.2d at 148-149(1987). In *O'Brien,* the Supreme Court stated,

Both before and after the amendment of the indictment, the name of the crime remained the same: endangering children. Likewise, the identity of this crime was not changed by the addition of 'recklessness' to the indictment. *Neither the penalty nor the degree of the offense was changed as a result of the amendment.* Since the addition of the culpable mental state of 'recklessness' did not change the name or identity of the crime of endangering children, the amendment was proper pursuant to Crim.R. 7(D). (Emphasis added.)

Id. at 126.

{¶18} In the present case, the state agreed that Copas should be sentenced under the least sever penalty provided in the pre-amended version of R.C. 2907.02(A)(1)(b). The trial court gave Copas that benefit upon resentencing. Thus, this is not a case where the trial courts actions increased either the penalty or the degree of the offenses. Rather, it is clear that Copas has benefited from the trial court's re-sentencing order.

{¶19} In the case at bar, the indictment and the bill of particulars alleged that the incidents occurred as a continuing course of conduct between August 1999 and June 2007. By sentencing Copas as if all counts occurred between August 1999 and before January 2, 2007 the trial court did not enlarge the period alleged in the indictment and the bill of particulars. Copas has not shown that the prosecution possessed more specific information in terms of the dates and times of the offenses. Nor has Copas shown that such information was material to any defense theory he put forth at trial. Copas never filed a notice of intent to rely on an alibi as is required by Crim.R. 12.1. Nor

did Copas raise any issue in his original appeal that the lack of temporal information prejudiced his ability to fairly defend himself. Rather, in the case before us, Copas makes only a generalized assertion.

{¶20} For these reasons, we conclude Copas has failed to demonstrate either that the trial court abused its discretion in sentencing him in accordance with the provision of R.C. 2907.02(A)(1)(b) in effect prior to January 2, 2007, or that this change prejudiced his defense.

**{¶21}** Copas' sole assignment of error is overruled and the judgment of the Guernsey Court of Common Pleas, Guernsey County, Ohio is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE

WSG:clw 0514

[Cite as *State v. Copas*, 2013-Ohio-2184.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID E. COPAS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-24 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey Court of Common Pleas, Guernsey County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE