[Cite as *State v. Couch*, 2016-Ohio-8452.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-03-062 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/28/2016 |
| - vs - | | |
| | : | |
| TYLER C. COUCH, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-07-1066


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Building, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Tyler C. Couch, appeals from his conviction in the Butler County Court of Common Pleas for one count of illegal manufacture of drugs, specifically hashish. For the reasons outlined below, we affirm.

{¶ 2} On August 25, 2015, the Butler County Grand Jury returned an indictment charging Couch with illegal manufacturing of drugs in the vicinity of a juvenile in violation of

R.C. 2925.04(A), a first-degree felony in accordance with R.C. 2925.04(C)(2). According to the bill of particulars, the charge stemmed from allegations that on or about June 24, 2015, Couch knowingly manufactured hashish at the home located at 5589 Schiering Drive, Fairfield, Butler County, Ohio, by using marijuana, tubes, coffee filters, and butane, all while in the vicinity of a child. The indictment also stated the charges were based on Couch's conduct that occurred on or about June 24, 2015. It is undisputed that Couch lived at the home with his wife.

{¶ 3} The matter ultimately proceeded to a two-day jury trial that concluded on February 2, 2016. As part of these proceedings, the trial court determined that the state provided insufficient evidence to support the juvenile enhancement sentencing provision under R.C. 2925.04(C)(2), thereby reducing the charge to a second-degree felony. After both parties rested, the jury returned a verdict finding Couch guilty of illegal manufacturing of drugs, specifically hashish. The trial court then held a sentencing hearing and sentenced Couch to serve four years in prison and ordered him to pay a fine of $7,500.

{¶ 4} Couch now appeals from his conviction, raising the following single assignment of error for review:

{¶ 5} APPELLANT'S CONVICTION FOR ILLEGAL MANUFACTURE OF DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THERE WAS INSUFFICIENT EVIDENCE TO PROVE THAT HE ILLEGALLY MANUFACTURED DRUGS.

{¶ 6} In his single assignment of error, Couch argues his conviction for illegal manufacture of drugs was not supported by sufficient evidence and was otherwise against the manifest weight of the evidence. We disagree.

{¶ 7} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable

doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. When evaluating the sufficiency of the evidence, this court must "defer to the trier of fact on questions of credibility and the weight assigned to the evidence." *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

{¶ 8} On the other hand, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43.

{¶ 9} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380,

386 (1987). Nevertheless, although the two concepts are different, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. Therefore, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 10} As noted above, Couch was convicted of illegal manufacturing of drugs, specifically hashish, in violation of R.C. 2925.04(A). Pursuant to that statute, "[n]o person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance." As defined by R.C. 2925.01(J), the term "manufacture" means "to plant, cultivate, harvest, process, make, prepare, or otherwise engage in any part of the production of a drug, by propagation, extraction, chemical synthesis, or compounding, or any combination of the same, and includes packaging, repackaging, labeling, and other activities incident to production." Couch does not dispute that Hashish is a controlled substance.

{¶ 11} Couch claims his conviction must be reversed because the state failed to provide any evidence that he illegally manufactured hashish on June 24, 2015. However, both the indictment and the bill of particulars explicitly stated that the charge was based on conduct that occurred "on our about" that date. It has long been held that "[i]n a criminal charge the exact date and time are immaterial unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged." *Tesca v. State*, 108 Ohio St. 287 (1923), paragraph one of the syllabus. "Proof of the offense on or about the alleged date is sufficient to support a conviction even where evidence as to the exact date of the offense is in conflict." *State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶ 82, citing *State v. Dingus*, 26 Ohio App.2d 131, 137 (4th

Dist.1970). Therefore, "[t]he exact date is not essential to the validity of the conviction, and the failure to prove that is of no consequence." *Id.*

{¶ 12} Couch also claims his conviction must be reversed because, although he had most of the components necessary to manufacture hashish, "that does not mean that he was actually in the process of manufacturing anything." However, after a thorough review of the record, we find the state presented overwhelming evidence, both direct and circumstantial, that would allow the jury to conclude beyond a reasonable doubt that Couch was preparing or otherwise engaged in the production of hashish or other activities incident to the production of hashish on or about June 24, 2015.

{¶ 13} As the record reveals, the state presented evidence that a book about the cultivation of marijuana, marijuana plants, dried and ground up marijuana, a glass vial, a beaker, and a glass cylindrical tube, coffee filters, a large number of used and unused butane canisters, a silver pouch containing 25.304 grams of liquid hashish, as well as other various chemicals, a scale, and timers, were located on the property where Couch resided with his wife. Officers also found a Pyrex dish with a green leafy substance located on the bottom of the dish. When confronted about these items, Couch informed one officer "that it was all his, and none of it was [his wife's]."

{¶ 14} Although somewhat innocuous when viewed separately, the state presented evidence that these various items are often found in laboratories used to make hashish. As one officer testified when asked about the process of making hashish in such a laboratory:

> [Y]ou can use marijuana, leaves, stems or the buds, all from the marijuana plant. You pack them in some type of cylinder. You use some type of a screen, and then you run the butane over top of the, I guess the marijuana buds, the leaves, the stems, and it extracts the THC out of it. It will drip into some type of a canister, and then it takes a heat source to cook the butane off of it, and then in return you have your finished product.

{¶ 15} The state also presented testimony of a conversation Couch had with an officer

at the scene after he was *Mirandized*, wherein Couch explained the process he used to manufacture hashish. Specifically, the officer testified that Couch informed him:

> [H]e'd pack marijuana into a glass tube. And once you do that you take a coffee filter or some sort of screen and you put it over the glass tube. You take a can of butane and hook it up to the other end of the glass tube and blast that butane through the marijuana, so it's extracting the THC.

{¶ 16} In addition to this testimony, a video recording of Couch explaining to an officer his method of making hashish was admitted into evidence and played for the jury. As part of this recording, Couch stated that in order to make hashish, he would pack a glass tube with marijuana, place a coffee filter on one end of the tube, and fit a butane can onto the other end. Couch then explained that he would spray the butane into the glass tube so that it would come out the other end through the coffee filter and into a Pyrex dish, thus removing the THC from the marijuana. Couch then stated he would place the Pyrex dish into the sun light to remove the butane from the now extracted THC, a process that ultimately resulted in the production of hashish. Couch stated that he would usually do this on the back patio or in the grass. When asked how many times he had done this, Couch admitted to manufacturing hashish "for a while" and that he had probably done it 10 to 12 times within the past year.

{¶ 17} Couch claims there is a "big distinction between knowing how to do something and actually doing it." We agree. But the record in this case clearly indicates that Couch was not charged with illegal manufacturing of drugs simply because he knew how to manufacture hashish. Rather, the record indicates Couch was charged with illegal manufacturing of drugs because he was preparing to, or had otherwise engaged in, the production of hashish or other activities incident to the production of hashish on or about June 24, 2015. This included his own admission to officers that he possessed and was the owner of the book about the cultivation of marijuana, marijuana plants, dried and ground up marijuana, a glass vial, beaker, and glass cylindrical tube, coffee filters, a large number of

used and unused butane canisters, a silver pouch containing 25.304 grams of liquid hashish, as well as other various chemicals, a scale, and timers. Couch admitted to officers that these items were his and that he had used them to manufacture hashish "for a while" up to 10 to 12 times during the preceding year.

{¶ 18} In light of the foregoing, we find Couch's conviction for illegal manufacturing of drugs, specifically hashish, was supported by sufficient evidence and was otherwise not against the manifest weight of the evidence. Therefore, finding no merit to any of Couch's claims, Couch's single assignment of error is overruled.

{¶ 19} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.